**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IBRAHIM HUSEIN, | : | |
| | | Civil Action No. 10-5963 (FSH) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| ERIC HOLDER, et al., | : | |
| | | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Ibrahim Husein
Essex County Correctional Fac.
354 Doremus Avenue
Newark, NJ  07105

Counsel for Respondents
Daniel Shay Kirschbaum
Asst. U.S. Attorney
970 Broad St.
Suite 700
Newark, NJ  07102

**HOCHBERG**, District Judge

Petitioner Ibrahim Husein, an alien currently detained at Essex County Correctional Facility in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The named Respondents include U.S. Attorney

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

General Eric Holder, Essex County Correctional Facility Warden Roy Hendricks, and various federal immigration officials.

The Respondents have moved to dismiss. For the reasons stated below, the Petition will be dismissed.

## I.   BACKGROUND

Petitioner is a native and citizen of Jordan, who came to the United States as a non-immigrant in 2003 and became a lawful permanent resident in 2006. Thereafter, Petitioner was convicted of burglary.

On August 13, 2009, Petitioner was taken into custody by immigration officers and was served with a Notice to Appear before an Immigration Judge to show cause why he should not be removed based upon a violation of Section 237(a)(2)(A)(i) of the Immigration and Nationality Act. On that same date, a $15,000 bond was set, which Petitioner was eligible to post to obtain his release until a final order of removal was issued. Petitioner did not post bond and remained in custody.

Petitioner appeared for a removal hearing on September 14 and October 7, 2009. On March 1, 2010, the Immigration Judge denied Petitioner's applications for asylum and withholding of removal and ordered Petitioner removed. Petitioner appealed to the Bureau of Immigration Appeals which held, on May 5, 2010, that it lacked jurisdiction to hear Mr. Husein's appeal and ordered Petitioner removed. Petitioner filed a Motion to

Reconsider with the Bureau of Immigration Appeals on June 1, 2010, but did not file for a stay of removal.

As Petitioner had not filed for a stay of removal, the Bureau of Immigration and Customs Enforcement scheduled Petitioner for removal on June 7, 2010, but Petitioner refused to board the aircraft.  Petitioner was then scheduled for an escorted removal on June 29, 2010, but he again refused to board the aircraft voluntarily.  Petitioner was again scheduled for removal, but the BIA granted Petitioner's motion to reconsider and re-opened his case, so the removal was cancelled.

This undated Petition was received by this Court on November 15, 2010.  At that time, Petitioner's motion to reconsider was pending before the BIA.  Here, Petitioner challenges his prolonged detention in connection with his removal proceedings.  He contends that his prolonged detention violates his rights to procedural and substantive due process.

On January 6, 2011, while this Petition was pending, the BIA dismissed Petitioner's administrative appeal, denied his motion to remand the case to the Immigration Judge, and denied his request for a stay of removal as moot.  Petitioner has not advised this Court of any further challenges to his removal, either administrative or judicial, and this Court has located no petition for review on the docket of the U.S. Court of Appeals

for the Third Circuit.  Accordingly, it appears that Petitioner's order of removal became final on January 6, 2011.

Respondents have moved for dismissal of the Petition on the grounds that the BIA's January 2011 decision renders this case simultaneously moot and unripe, and, in the alternative, that Petitioner's pre-final-order detention was due to his own refusal to board the planes when BICE attempted to remove him, and that his failure to post bond prior to the issuance of a final removal order is not actionable in habeas.  Petitioner has had an opportunity to reply, and this matter is now ready for decision.

## II.  ANALYSIS

At the time he filed this Petition, Petitioner was detained pursuant to the discretionary detention provisions of 8 U.S.C. § 1226(a).  He had been granted, but had not posted, release on a $15,000 bond.  During the pendency of this proceeding, however, on January 6, 2011, Petitioner's order of removal became final.  Because a final order of removal has been issued against Petitioner, he is no longer detained pursuant to § 1226(a), which governs only detention _prior to_ the entry of a final order of removal.  Instead, Petitioner is now detained pursuant to 8 U.S.C. § 1231(a), which governs the detention and removal of an alien subject to a final order of removal.

Because Petitioner is no longer detained pursuant to § 1226(a), as he was at the time he filed this Petition, the

challenge to his pre-removal order detention has become moot.  As there is no longer a live "case or controversy" regarding Petitioner's pre-removal order detention, see U.S. Constitution, Article III, this Petition must be dismissed, insofar as it challenges Petitioner's detention prior to his removal order becoming final.  See De La Teja v. United States, 321 F.3d 1357, 1361-63 (11th Cir. 2003).[2]

Section 1231(a)(2), pursuant to which Petitioner is now detained, requires the detention of aliens ordered removed during the 90-day removal period, defined, as relevant here, as the 90-day period beginning on the date the order of removal becomes administratively final.  See 28 U.S.C. § 1231(a)(1)(B)(i).  Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, detention beyond the end of the 90-day removal period is governed by the constitutional principles set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).  The Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a

---

[2] As noted by the Court of Appeals for the Eleventh Circuit in De La Teja, 321 F.3d at 1363, because Petitioner is now subject to a final order of removal, he will not be subject to pre-removal order detention in the future, so the narrow exception for cases that are capable of repetition yet evading review can not apply here.

detained alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).  The alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing.  Zadvydas, 533 U.S. at 699-701.

   As Petitioner had not been detained, at all, under § 1231(a) at the time this Petition was filed, this Court does not construe the Petition as asserting a challenge to Petitioner's detention following the issuance of the final order of removal.  In any event, any challenge to Petitioner's post-removal order detention is premature.  As of the date the Petition was filed, the applicable removal period had not yet begun to run.  See, e.g., 28 U.S.C. § 1231(a)(1)(B)(iii); Gregory v. B.I.C.E./D.H.S., Civil Action No. 06-4008 (SDW), 2007 WL 708856 (March 6, 2007) (removal period begins anew upon the happening of any of the events described in § 1231(a)(1)(B)); Michel v. INS, 119 F.Supp.2d 485, 498 (M.D. Pa. 2000) (same).  To state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired.  See, e.g.,

Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th cir. 2002); Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002); Monpremier v. Chertoff, 2007 WL 909575 (N.D. Fla. March 21, 2007).  Thus, any challenge to Petitioner's post-removal order detention is not yet ripe and must be dismissed without prejudice.  See, e.g., Ferrer-chacon v. Department of Homeland Security, 2006 WL 3392930 (D.N.J. 2006).

Finally, to the extent this Court could address the propriety of the government's post-removal-order detention of Petitioner, the Court notes that Petitioner has presented no evidence, whatsoever, that there is no significant likelihood of his removal in the reasonably foreseeable future.  To the contrary, there is no dispute that the government has thrice scheduled Petitioner's removal, and that the removals were twice thwarted only by Petitioner's refusal to board the airplane.  The third scheduled removal was cancelled to permit Petitioner to remain in the United States during the pendency of his administrative appeal.  Petitioner's bald allegation that removals to Jordan are presently "restricted" and that removal to an alternate country is "highly unlikely," see Petition at 7, are completely unsupported by any evidence.  Thus, there is no

7

evidence to suggest that Petitioner could not be removed to Jordan.[3]

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed. An appropriate order follows.

S/ Faith s. Hochberg
Faith S. Hochberg
United States District Judge

Dated: July 18, 2011

---

[3] Federal courts have recognized that "Zadvydas does not save an alien who fails to provide requested documentation to effectuate his removal. The reason is self-evident: the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock." Pelich v. INS, 329 F.3d 1057, 1060 (9th Cir. 2003) (cited with approval in U.S. ex rel. Kovalev v. Ashcroft, 71 Fed.Appx. 919, 924 (3d Cir. 2003).